# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br>     **Plaintiff,** <br><br> **V.** <br><br> **RONNIE JOLLY,** <br>     **Defendant.** | **CRIMINAL NO. 5:18-32-KKC** <br><br> **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the government's motion for a restitution order (DE 104). Defendant Ronnie Jolly pleaded guilty to crop insurance fraud, money laundering, and conspiring to defraud the United States and to commit mail or wire fraud.

In his plea agreement, Jolly agreed that he owned and rented certain farmland. He agreed that, from 2010 to early 2016, he made material misrepresentations on paperwork regarding the federal crop insurance policies that covered his crops and that he also procured federal crop insurance policies in the names of other people. He agreed that he did all of this to obtain money from the federal government to which he was not entitled. (DE 31, Plea Agreement, ¶3). He also agreed that, from 2014 to 2016, he made material misrepresentations to private crop insurance companies to obtain money to which he was not entitled. (DE 31, Plea Agreement, ¶3).

After a sentencing hearing conducted on August 13, 2021, the Court entered a judgment sentencing Jolly to a prison term of 36 months. (DE 111, Judgment.) Prior to the sentencing hearing, the government filed a motion seeking restitution of $2,955,163. At the sentencing hearing, Jolly requested additional time to address the restitution request. Accordingly, the

judgment provided that restitution would be determined at a later date. After the sentencing hearing, the parties briefed the restitution issue, and the Court conducted a restitution hearing.

The government has identified two victims of Jolly's fraudulent conduct. It asks the Court to order restitution in the amount of $2,365,214 payable to the United States Department of Agriculture-Risk Management Agency ("USDA RMA") and $589,949 payable to Sompo International. Sompo was formerly named ARMtech Insurance Services, Inc. The parties have referred to Sompo as ARMtech in their briefs, and the Court will do the same in this opinion.

As to the restitution requested for USDA RMA, the amount requested represents the indemnity payments received by Jolly on the federal crop insurance policies at issue less any premiums paid on policies that were held in the names of actual farmers.

As to ARMtech, the government requests restitution equal to the indemnity payments Jolly received on those policies less the premiums paid on policies held in the names of actual farmers. In total, the government requests restitution of $589,949 to ARMtech.

Jolly argues that he should be ordered to pay restitution of only $238,937 to ARMtech and nothing to USDA RMA. Jolly made clear at the restitution hearing that he does not contest the government's calculations as to the indemnity payments he received or the premiums paid. Instead, he makes three legal arguments that any amount above $238,937 to ARMtech should be excluded from his restitution obligation.

First, he argues that the presentence report ("PSR") prepared by the United States probation officer adequately identified lost income of only $238,937 to ARMtech. The PSR provided the following regarding restitution:

2

> The investigation revealed that, during the pertinent time frame, the defendant withdrew from his bank accounts and utilized $1,309,420.80 that was derived from the crop insurance fraud . . . . The parties have agreed that the defendant, through his fraudulent actions and misrepresentations, caused a financial loss to the victims, the USDA Risk Management Agency, and ARMtech Insurance Services, Inc. of more than $1,500,000, but less than $3,500,000.
>
> . . . .
>
> The victims, the USDA Risk Management Agency and ARMtech Insurance Services, Inc., have suffered compensable losses. ARMtech Insurance Services submitted a request for restitution in the amount of $238,937 for lost income and $350,289 for necessary other expenses. The request for restitution in its entirety will be provided to the Court.

(PRS, ¶¶ 29, 30.)

Jolly argues that the Mandatory Victim Restoration Act ("MVRA") prohibits the Court from ordering that he pay restitution in any amount above the $238,937 in lost income to ARMtech because any additional amounts were not sufficiently itemized in in the PSR.

For this argument, Jolly relies on 18 U.S.C. § 3664(a), which provides:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant.

18 U.S.C. § 3664(a).

The purpose of this provision is to ensure that the Court's restitution order is based on sufficient information. Toward that end, the MVRA further provides that, if, after

3

reviewing the PSR, the Court needs additional information prior to ordering restitution, it "may require additional documentation or hear testimony." 18 U.S.C. § 3664(d)(4).

Thus, by its plain language the MVRA does not prohibit the Court from ordering more restitution than that identified in the PSR. Instead, if the PSR does not set forth sufficient information for the Court to fashion a restitution order, the Court may request additional information. This is precisely why the Court permitted briefing on the restitution issue and conducted a hearing on the government's restitution request. Jolly cites no caselaw that would prohibit the Court from awarding the full amount of restitution owed in these circumstances, and the Court is aware of none.

Second, Jolly argues that he should not be ordered to pay back all indemnity payments he received because some of those payments "may have been legitimate." (DE 108, Response at 3.) Pursuant to the crop insurance regulations, however, the policies were voided due to Jolly's admittedly material misrepresentations regarding the policies. Those regulations provide, "If you have falsely or fraudulently concealed the fact that you are ineligible to receive benefits under the Act or if you or anyone assisting you has intentionally concealed or misrepresented any material fact relating to this policy . . .[t]his policy will be voided." 7 C.F.R. § 457.8, § 27(a)(1). The regulations further provide that, if a policy is void, the insured must "reimburse all indemnities paid for the crop year in which the voidance was effective." 7 C.F.R. § 457.8, § 27(c).

Jolly concedes that he misrepresented material facts relating to all the policies at issue. Thus, the relevant crop insurance policies are void, meaning that Jolly is not entitled to any indemnity payments issued on them during the relevant time period. *United States v. Torlai*, 728 F.3d 932, 940 (9th Cir. 2013) ("Thus, if Torlai misrepresented any material fact in his policy application, then his crop insurance policies would be void and the district

4

court could determine that Torlai was not an intended recipient of the government benefit at issue—crop insurance indemnity payments.")

Third, Jolly objects to ARMtech's request for $350,289 for "necessary other expenses" as stated in the PSR. The government has identified these expenses as arising from "internal counsel document reviews and production" and "outside counsel's fees." (DE 112, Reply at 7.) The government's position on this is not clear. Its motion does not request restitution for these expenses. In its reply brief, however, the government argues that this request is reasonable. (DE 112, Reply at 8.) Then, at the sentencing hearing, the government presented no argument in support of the "necessary other expenses" and simply stated that ARMtech would "defer to the Court's decision" on this request.

The MVRA provides that a restitution order must require the defendant to reimburse the victim for lost income and certain necessary expenses including "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C.A. § 3663A(b)(4).

In *Lagos v. United States*, 138 S. Ct. 1684 (2018), the Supreme Court determined that "those words are limited to government investigations and criminal proceedings." *Id*. at 1688. The MVRA not include restitution for private investigations. *Id*. The Court made clear that the MVRA "does not cover the costs of a private investigation that the victim chooses on its own to conduct." *Id*. at 1690. The Court explicitly did not address, however, whether the MVRA "would cover similar expenses incurred during a private investigation that was pursued at a government's invitation or request." *Id*.

Even if the MVRA does cover such expenses, however, there is no information from which this Court could determine whether ARMtech incurred the claimed expenses as part of the government's investigation or criminal proceedings or whether the expenses were

5

incurred at the government's invitation or request. Accordingly, the Court will not order that Jolly pay this amount in restitution.

As to how Jolly must pay any restitution amount, Jolly asks that the Court order he make nominal restitution payments and that they not begin until two months after is he is released from prison. The MVRA explicitly prohibits the Court from considering the economic circumstances of the defendant when determining the full amount of each victim's losses. 18 U.S.C. § 3664(f)(1)(A). Accordingly, as the Court explained at the restitution hearing, to the extent that Jolly asks the Court to consider his economic circumstances in determining the full amount of restitution owed, the Court must deny that request.

The MVRA does provide, however, that the Court can order that the defendant "make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments." 18 U.S.C.A. § 3664(f)(3)(B). At this time, however, the Court cannot find that Jolly is financially incapable of paying any amount of restitution. In order that his restitution payments are commensurate with his economic circumstances, however, the Court will order that Jolly pay the full amount of restitution immediately. This will allow the Bureau of Prisons to administer the collection of Jolly's payments through the Inmate Financial Responsibility Program in a manner that is consistent with his income while he is incarcerated. The Court will further order that, when Jolly's supervised release commences, Jolly pay any unpaid portion of his restitution at a rate to be determined by his probation officer taking into account Jolly's financial circumstances at that time.

Finally, the government requests that certain defendants in other cases involving crop insurance fraud be made jointly and severally liable with Jolly for a portion of the restitution owed by him. Defendant Michael McNew (5:18-188) was Jolly's insurance agent. Defendants Douglas Chad Snedegar (5:20-44) and Timothy Douglas Snedegar (5:20-19) were Jolly's insurance adjusters. The government asserts that these defendants were Jolly's coconspirators. It asks that the Court order that these defendants be jointly and severally liable with Jolly for the restitution owed by him in the following amounts:

| Michael McNew (Jolly's insurance agent) | **$369,232** (to USDA-RMA) <br> **$589,949** (to ARMtech) |
|---|---|
| Douglas Chad Snedegar (Jolly's insurance adjuster) | **$386,205** (to ARMtech) |
| Timothy Douglas Snedegar (Jolly's insurance adjuster) | **$589,949** (to ARMtech) |

Jolly does not object to the request for joint and several liability. However, it does not appear that the government's motion was served on the codefendants who would also be affected by the request. Accordingly, the Court will order that those defendants be made respondents in this action and will grant them the opportunity to respond to the government's request for joint and several liability.

For all these reasons, the Court hereby ORDERS as follows:

1) the government's motion for a restitution order (DE 104) is GRANTED in part, DEFERRED in part, and DENIED in part as follows:

    a) the motion is GRANTED to the extent that the government seeks restitution of $2,365,214 to the USDA-RMA and $589,949 to Sompo International (formerly ARMtech);

7

    b) The Court will DEFER ruling on the government's request that certain codefendants be made jointly and severally liable for portions of Jolly's restitution obligation; and

    c) the motion is otherwise DENIED.

2) The Clerk of the Court SHALL ADD defendants Michael McNew (5:18-188), Timothy Douglas Snedegar (5:20-19), and Douglas Chad Snedegar (5:20-44) as RESPONDENTS in this action with the same counsel of record for each as in their respective criminal cases;

3) If Michael McNew, Timothy Douglas Snedegar, and Douglas Chad Snedegar wish to respond to the government's request that they be made jointly and severally liable with Jolly as set forth in the government's motion (DE 104), **any such response MUST BE FILED by November 8, 2021**.

This 1st day of November, 2021.

*signature: Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

8